1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF OREGON

9                         PORTLAND DIVISION

10

JERRI BOON,                          )

11                                   )

                    Plaintiff,       )    03:10-cv-01044-HU

12                                   )

     vs.                             )    FINDINGS AND

13                                   )    RECOMMENDATION

UNION PACIFIC RAILROAD CO.,          )

14  et. al.,                         )

                                     )

15                  Defendants.      )

16           _____

Jerri Boon

17  12435 SW Pioneer Ln. #A101

Beaverton, OR 97008

18

        Plaintiff *Pro Se*

19

David W. Silke

20  Sarah N. Turner

Gordon & Rees LLP

21  701 Fifth Avenue, Suite 2100

Seattle, WA 98104

22

John S. Bishop, II

23  Elizabeth A. Joffe

McKanna Bishop Joffe & Arms, LLP

24  1635 NW Johnson Street

Portland, OR 97209

25

Kevin C. Brodar

26  United Transportation Union

24950 Country Club Blvd, Suite 340

27  North Olmsted, OH 44070

28           Attorneys for Defendants

FINDINGS AND RECOMMENDATION       1

HUBEL, Magistrate Judge:

## Introduction

Defendants Union Pacific Railroad Company ("Union Pacific"), Brother of Locomotive Engineers and Trainmen ("BLET"), and United Transportation Union ("United") (collectively "Defendants") move to dismiss plaintiff Jerri Boon's ("Boon") Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(5) and (6) for insufficient service of process and failure to state a claim upon which relief can be granted.[1]  For the reasons set forth below, BLET's motion [10] to dismiss should be GRANTED, United's motion [17] to dismiss should be GRANTED, and Union Pacific's motion [18] to dismiss should be GRANTED in part and DENIED in part.

## Background[2]

Boon filed her original complaint on September 2, 2010. (Doc. #1.)  On December 30, 2010, Boon filed her first amended complaint ("FAC") (doc. #6), wherein she brings claims for: gender-based discrimination in employment in violation of 42 U.S.C. § 2000e; intentional infliction of emotional distress; wrongful termination; breach of contract; breach of implied contract; defamation; a state law gender discrimination claim; and a federal claim of retaliation.  (FAC ¶¶ 11-62.)  Boon also seeks punitive and exemplary damages.  (FAC ¶¶ 63-65.)

---

[1] BLET's motion (doc. #10) is based solely on Rule 12(b)(5), whereas United's motion (doc. #17) and Union Pacific's motion (doc. #18) are based on Rule 12(b)(5) and (6).

[2] Unless otherwise indicated, the following facts are taken from Boon's Amended Complaint (hereinafter, "FAC"). (Doc. #6.)

FINDINGS AND RECOMMENDATION     2

On or about March 13, 1974, Boon began working for Union Pacific as an entry-level railroad telegrapher. (FAC ¶ 12.) During the next three decades Boon was offered and accepted a series of promotions and differing job assignments. (FAC ¶ 12.) Boon claims that in May of 2004, her immediate supervisors, with the apparent approval of Union Pacific, began acting in a discriminatory and demeaning manner towards her based on her gender. (FAC ¶ 13.) For example, Boon claims that Union Pacific allowed her to be publically humiliated by means of threatening, false and slanderous accusation of dereliction of duty, unwarranted disciplinary actions, and requiring subordinates to perform actions which contravened established company policy. (FAC ¶ 13.)

Boon further claims that BLET and United condoned these activities. (FAC ¶ 14.) In essence, Boon argues that BLET and United were contractually obligated to investigate and report on her union-filed grievance and their failure to do so demonstrates their acceptance of Union Pacific's conduct. (FAC ¶ 14.) As an example, Boon offers a July 15, 2004, incident where she was falsely accused of violating Union Pacific's company policy by sleeping on the job and was not given an opportunity to contest or defend against the charges. (FAC ¶ 15.) Boon says this was in spite of and in conflict with a specific "train order" that permitted her and fellow employees to "nap" during down times when they were still technically on duty, but when there were no actual job functions to be performed. (FAC ¶ 15.)

Despite Boon's denial of the charges and her claim that she was protected by the "nap rule," Union Pacific still placed a disciplinary notation in Boon's employment file. (FAC ¶ 16.) Boon

FINDINGS AND RECOMMENDATION    3

claims that this had a detrimental effect on her "point score" that served as Union Pacific's benchmark for issuing promotions and raises. (FAC ¶ 16.)

On or about June 20, 2008, Boon was essentially terminated from her position when Union Pacific placed her on unpaid leave. (FAC ¶ 17.) According to Boon, the unpaid leave was unwarranted and unrelated to her job performance, "but was instead enacted against her, for the alleged failure to participate in an unnecessary and superfluous so-called 'medical examination;' the demanded medical examination however, was, in fact, a pretext to enable [Union Pacific] to discriminate and retaliate against [her], for alleging that acts of illegal, gender-based discrimination had been committed against her by [Union Pacific]'s employees." (FAC ¶ 17.) Boon claims she was not given an opportunity to defend or explain her alleged transgressions, nor any avenue of appeal. (FAC ¶ 18.)

Subsequent to her termination, Boon has allegedly suffered financial, emotional, and person tribulation as a result of Defendants' actions. (FAC ¶ 19.) Boon also claims that Union Pacific and it's employees continue to defame and slander her by stating she was terminated for violation of company policy thereby damaging Boon's personal and professional reputation. (FAC ¶ 20.)

**Legal Standard**

**I.    Rule 12(b)(5)**

Pursuant to Rule 12(b)(5), a defendant can move to dismiss the action where the service of process of a summons and complaint is insufficient. FED. R. CIV. P. 12(b)(5). The plaintiff bears the burden of establishing the validity of service of process. *Aetna*

FINDINGS AND RECOMMENDATION    4

1   *Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635
2   F.2d 434, 435 (5th Cir. 1981) ("When service of process is
3   challenged, the party on whose behalf it is made must bear the
4   burden of establishing its validity."); *Neilson v. Beck*, No. CV-94-
5   520-FR, 1994 WL 578465, at *3 (D. Or. Oct. 18, 1994) ("Once a party
6   has challenged the sufficiency of process under Rule 12(b)(5), the
7   party on whose behalf service is made has the burden of
8   establishing its validity.")

9        The court may consider evidence outside the pleadings in
10  resolving a Rule 12(b)(5) motion. *See Lachick v. McMonagle*, No.
11  CIV. A. 97-7369, 1998 WL 800325, at *2 (E.D. Pa. Nov. 16,
12  1998)("Factual contentions regarding the manner in which service
13  was executed may be made through affidavits, depositions, and oral
14  testimony.")

15  **II.   Rule 12(b)(6)**

16       A court may dismiss a complaint for failure to state a claim
17  upon which relief can be granted pursuant to Rule 12(b)(6).   In
18  considering a Rule 12(b)(6) motion to dismiss, the court must
19  accept all of the claimant's material factual allegations as true
20  and view all facts in the light most favorable to the claimant.
21  *Reynolds v. Giusto*, No. 08-CV-6261, 2009 WL 2523727, at *1 (D. Or.
22  Aug. 18, 2009).   The Supreme Court addressed the proper pleading
23  standard under Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550
24  U.S. 544 (2007).   *Twombly* established the need to include facts
25  sufficient in the pleadings to give proper notice of the claim and
26  its basis"

27           While a complaint attacked by a Rule 12(b)(6) motion to
             dismiss does not need detailed factual allegations, a
28           plaintiff's obligation to provide the grounds of his

1    entitlement to relief requires more than labels and
2    conclusions, and a formulaic recitation of the elements
     of a cause of action will not do.

3  *Id*. at 555 (brackets omitted).

4        Since *Twombly*, the Supreme Court has clarified that the
5  pleading standard announced therein is generally applicable to
6  cases governed by the Rules, not only to those cases involving
7  antitrust allegations. *Ashcroft v. Iqbal*,---U.S.---, 129 S. Ct.
8  1937, 1949 (2009). The *Iqbal* court explained that *Twombly* was
9  guided by two specific principles. First, although the court must
10 accept as true all facts asserted in a pleading, it need not
11 accept as true any legal conclusion set forth in a pleading. *Id*.
12 Second, the complaint must set forth facts supporting a plausible
13 claim for relief and not merely a possible claim for relief. *Id*.
14 The court instructed that "[d]etermining whether a complaint
15 states a plausible claim for relief will . . . be a context-
16 specific task that requires the reviewing court to draw on its
17 judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-
18 50 (*citing Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)).
19 The court concluded: "While legal conclusions can provide the
20 framework of a complaint, they must be supported by factual
21 allegations. When there are well-pleaded factual allegations, a
22 court should assume their veracity and then determine whether they
23 plausibly give rise to an entitlement to relief." *Id*. at 1950.

24       The Ninth Circuit further explained the *Twombly-Iqbal*
25 standard in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir.
26 2009). The *Moss* court reaffirmed the *Iqbal* holding that a "claim
27 has facial plausibility when the plaintiff pleads factual content
28 that allows the court to draw the reasonable inference that the

FINDINGS AND RECOMMENDATION    6

defendant is liable for the misconduct alleged." *Moss*, 572 F.3d at 969 (*quoting Iqbal*, 129 S. Ct. at 1949).  The court in *Moss* concluded by stating: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

**Discussion**

**I.   Defendants' Rule 12(b)(5) Motions to Dismiss**

    **A.   Union Pacific**

On February 6, 2011, Union Pacific's counsel spoke with the process server, Michel Wagner ("Wagner"), regarding the alleged service of the Summons and FAC on Union Pacific. (Dec. Sarah Turner (doc. #20) ¶ 2.)  Wagner claimed that on December 31, 2010, he served the Summons and FAC at the Union Pacific railroad yard located on "River Street."  (*Id.* ¶ 3.)  Wagner apparently went into a break room where six men were sitting around a table and asked who was in charge.  (*Id.* ¶ 4.)  Mark Allen ("Allen") stood up and said something to the effect of, "I am in charge when no else is in the office."  (*Id.*)  Allen then handed the Summons and FAC to Allen, but Allen never forwarded the Summons and FAC to anyone authorized to accept service on behalf of Union Pacific. (*Id.*)  Union Pacific's registered agent is CT Corporation System, located at 388 State Street, Suite 420, Salem, Oregon, 97301. (*Id.* ¶ 5.)  Union Pacific claims that they have not yet been able to confirm the identity or position of Allen.  (Mem. Supp. Mot. Dismiss (doc. #19) at 4-5.)  Union Pacific therefore claims that Boon's FAC should be dismissed for insufficient service of process.  (*Id.* at 5.)

FINDINGS AND RECOMMENDATION     7

1

**B.   United**

Similarly, Boon attempted to serve United on December 31, 2010. (Pl.'s Resp. (doc. #36-1) at 3.) United claims that Boon failed to personally serve an officer or agent of their organization. (United's Mem. Supp. Mot. Dismiss (doc. #17) at 4.) According to United, "[a]lthough it is contended that service was made on '30-year old Ashley Todd,' service was actually made upon 15-year old 'Ashley Crawford,' the step-daughter of Bradley Todd who is the Secretary and Treasurer for [United] Local 283." (*Id.*) Ashley Crawford is not an officer of United and was not an agent authorized to receive service for United. (*Id.*)

Kim Thompson is the general secretary and treasurer for United. (Decl. Kim Thompson (doc. #17-3) ¶ 1.) United International, which is the administrative head of the union, is headquartered in North Olmsted, Ohio. (*Id.* ¶ 3.) Locals, who are chartered by United International, are separate bodies who elect their own officers and conduct their own business. (Def. United's Mem. Supp. (doc. #17) at 4 n.3.)

**C.   BLET**

According to BLET, Boon served the FAC on Paul Bovarnick ("Bovarnick") on December 31, 2010. (Decl. Harold Ross (doc. #10) at 3.) However, Bovarnick is neither an officer, agent, or representative of BLET. BLET claims Bovarnick "was not, and is not, designated or authorized to accept service on BLET's behalf and has no authority to act on behalf of BLET." (*Id.*) Apparently, Bovarnick's relationship with BLET is that of a private attorney on a list of counsel whom BLET recommends to its members who suffer personal injuries in the workplace. (*Id.*)

FINDINGS AND RECOMMENDATION    8

### D.   Application of Rule 4

To determine whether service of process was proper, courts look to the requirements of Rule 4, which authorizes service on a corporation by personal service on an officer, a managing or general partner, or any agent authorized by appointment of law to receive service of process. FED. R. CIV. P 4(h)(1). In *Hasdell v. Sickon*, No. CV 08-1101-MO, 2009 WL 1290851 (D. Or. May 5, 2009), this court recognized that, "[t]he Ninth Circuit upholds a 'policy of liberal construction in favor of *pro se* litigants.'" *Id.* at *2 (quoting *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). However, a district court may dismiss an action when a *pro se* plaintiff has failed to comply with the Federal Rules of Civil Procedures. *Id.*

Boon only offers the following explanation in support of the manner in which Defendants were served: "Process server Michel Wagner is a licensed [p]rocess server for the state of Oregon. He states that he was within his legal right to serve the [Union Pacific] in the manner he did." (Pl.'s Resp. (doc. #35) at 2.) And, "Michel Wagner is a licensed [p]rocess [s]erver in the state of Oregon. He states that he was well within his legal rights in serving both" BLET and United. (Pl.'s Resp. (doc. #36) at 1.)

Because Boon fails to establish that she properly effected service on Union Pacific, United, or BLET, service on Defendants should be quashed. *See S.J. v. Issaquah Sch. Dist. No. 411,* 470 F.3d 1288, 1293 (9th Cir. 2008) (if service of process is insufficient, the district court has discretion to dismiss or quash service). In accordance with my recommendations below, even if service on Defendants had been proper, only Boon's contract

FINDINGS AND RECOMMENDATION      9

claims and defamation claim against Union Pacific would survive this motion to dismiss, if she properly serves Union Pacific or if it now waives service.

## II.   Union Pacific and United's Rule 12(b)(6) Motions to Dismiss

It is well settled that the court must liberally construe a *pro se* pleading and, prior to dismissal, inform the plaintiff of the deficiencies and provide an opportunity to cure if it appears feasible. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (noting that *pro se* pleadings should be liberally construed, particularly where civil rights claims are involved); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (indicating that courts should construe *pro se* filings liberally even when evaluating them under *Iqbal*).

### A.   Union Pacific

In addition to defective service, Union Pacific claims that Boon's FAC should also be dismissed because Boon fails to state a claim for which relief can be granted. (Mem. Supp. Mot. Dismiss (doc. #19) at 5.)

#### 1.   Boon's Federal Discrimination and Retaliation Claims

Union Pacific claims that Boon is precluded from bringing a federal discrimination or retaliation claim because the statute of limitations has passed. (Mem. Supp. Mot. Dismiss (doc. #19) at 8, 9, 12.) I agree. As Union Pacific correctly points out, a statute of limitations defense may be raised by a motion to dismiss, if the running of the statute is apparent from the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682

FINDINGS AND RECOMMENDATION    10

1    (9th Cir. 1980). Such a motion can only be granted if the

2    assertions of the complaint, which must be read with liberality,

3    would not permit the plaintiff to prove the statute was tolled.

4    *Id.*

5        Union Pacific notes that, "although Boon does not allege it

6    in her Amended Complaint, on August 1[8], 2009, she received a

7    notice of right to sue letter from BOLI regarding her dual filed

8    Charge with the EEOC. Boon has filed this Amended Complaint well

9    past the statutory deadline of ninety days." (*Id.* at 9.) The

10   notice of right to file a civil suit issued by BOLI references

11   Boon's EEOC case number; however, it also makes clear that,

12   "[a]fter 90 calendar days from this date, the right to file in

13   state circuit court is lost." (Decl. Sarah Turner Ex. 2.) BOLI's

14   notice therefore only impacts Boon's right to seek redress for

15   violations of state law.[3]

16       The Ninth Circuit has recognized that a plaintiff may not

17   evade dismissal by purposefully omitting the date of a right-to-

18   sue letter from their complaint or by failing to attach a copy of

19   the letter to the complaint. *Wynn v. Clark County Bd. of Com'rs*,

20   74 Fed. Appx. 808, 809 (9th Cir. 2003); *see also Parrino v. FHP,*

21   *Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that a plaintiff

22   may not "surviv[e] a Rule 12(b)(6) motion by deliberately omitting

23   references to documents upon which [its] claims are based[.]"),

24   *superseded by statute on other ground as recognized in Abrego v.*

25

26       [3] *See Morgan v. Interfor Pac., Inc.*, No. CV-08-3105-CL, 2009 WL
     723341, at *3 (D. Or. Mar. 13, 2009) (noting that EEOC notices
27   impact the ability to file federal claims while BOLI notices impact
     the ability to file claims based on state law).

28

FINDINGS AND RECOMMENDATION    11

*Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). "Similarly, the district court's consideration of a right-to-sue letter d[oes] not covert the defendants' motion to dismiss into one for summary judgment." *Wynn*, 74 Fed. Appx. at 809.

Here, the record indicates that Boon received an EEOC notice of right to sue letter on September 24, 2009, in addition to receiving BOLI's notice of right to letter on August 18, 2009. (Decl. Sarah Turner (doc. #20) Ex. 4 at 2; Pl.'s Resp. Mot. Dismiss (doc. #35) at 1.) Pursuant to 42 U.S.C. § 2000e-5(f)(1), there is a statutory 90-day period allowed for filing suits after receipt of an EEOC notice of right to sue. *Sumitomo Shoji Am., Inc. v. Avagliano*, 457 U.S. 176, 178 n.3 (1982). Since Boon received the EEOC's notice on September 24, 2009, the 90-day period began to run on September 25, 2009, and accordingly, ran until December 24, 2009, at which point she lost her right to file a civil suit on federal grounds. *See Morgan v. Interfor Pac., Inc.*, No. CV-08-3105-CL, 2009 WL 723341, at *3 (D. Or. Mar. 13, 2009). Boon did not file this action until September 2, 2010. Accordingly, Boon's federal discrimination and retaliation claims should be dismissed.

### 2. Boon's Intentional Infliction of Emotional Distress Claim

Union Pacific next contends that Boon's intentional infliction of emotional distress ("IIED") claims is untimely because, in Oregon, such a claim is subject to a two year statute of limitations. (Mem. Supp. Mot. Dismiss (doc. #19) at 9.)

Under Oregon law, an IIED claim carries a two-year statute of limitations. *Quillen v. Roseburg Forest Prods., Inc.*, 159 Or.

App. 6, 8 (1999) (citing ORS 12.110(1)). Here, the crux of Boon's claim surrounds the events leading up to and culminating in her termination on June 20, 2008. However, construing her complaint liberally, even after *Iqbal*, Boon could potentially be pleading a claim within the statute of limitations. Boon states that, "subsequent to [her] termination . . . Union Pacific . . . continued to defame and slander" her by informing former co-workers that she was suspended for violating company policy. (FAC ¶ 20.) Thus, Union Pacific's tortious conduct allegedly continued past June 20, 2008. The FAC does not clearly state when these later "publications" were made and thus they could have potentially occurred within the two-year statute of limitations.

However, Boon's IIED claim does not pass muster under *Twombly's* facial plausibility standard. To state a claim for IIED, a plaintiff must plead and prove the following elements: "(1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *Delaney v. Clifton*, 180 Or. App. 119, 129 (2002).

Here, the only basis for Boon's IIED claim that is within the statute of limitations is her allegations that Union Pacific and/or their employees continue to inform people that she was suspended for violating company policy. Such conduct does not constitute an extraordinary transgression of the bounds of socially tolerable conduct. Accordingly, Boon's IIED claim should be dismissed. *See Vasconcellos v. Wells Fargo Home Loan Mortg.*,

FINDINGS AND RECOMMENDATION    13

1   *Inc.*, No. CV-10-757-KI, 2010 WL 3732232, at * (D. Or. Sept. 20,

2   2010) (holding that the plaintiff did not satisfy pleading

3   requirements for IIED due, in part, to failing to allege that the

4   defendant's acts constituted an extraordinary transgression of the

5   bounds of socially tolerable conduct); *see also Ellis v. GMAC*

6   *Mortg., Inc.*, No. CV-10-6319-TC, 2011 WL 1086530, at *2 (D. Or.

7   Mar. 16, 2011) (noting that an IIED claim failed to meet *Twombly's*

8   standard because "there is no indication that Defendants' conduct

9   was an extraordinary transgression of the bounds of socially

10  tolerably conduct").

11              **3.   Boon's Wrongful Termination Claim**

12       Union Pacific claims that Boon's wrongful termination claim

13  should also be dismissed because wrongful discharge is a state

14  common law claim with a statute of limitation of two years. (Mem.

15  Supp. Mot. Dismiss (doc. #19) at 9.)  Additionally, Union Pacific

16  contends that allegations within the FAC do not constitute a

17  wrongful discharge claim under Oregon law. (*Id.* at 10.)

18       In Oregon, a common-law wrongful discharge claim is subject

19  to a two-year statute of limitations. *Stupek v. Wyle Laboratories*

20  *Corp.*, 327 Or. 433, 435 (1998) (citing ORS 12.110(1)).  There are

21  two elements of a wrongful discharge claim: there must be a

22  discharge and that discharge must be wrongful. *Id.* at 438. The

23  discharge occurs when the employment relationship between the

24  employee and the employer ends. *Id.* at 439. Here, Boon's claims

25  that she was effectively terminated on June 20, 2008. (FAC ¶ 17,

26  18.)  Based on a two year statute of limitations, Boon had until

27  June 20, 2010, to file a wrongful discharge claim against Union

28  Pacific.  Instead, Boon filed this suit on September 2, 2010.

FINDINGS AND RECOMMENDATION     14

1  Thus, Boon's wrongful discharge claim is time barred and should be
2  dismissed.

3              **4.   Boon's State Law Claims**

4      Boon has also alleged that she was discriminated against on
5  the basis of her gender in violation of Oregon's discrimination
6  laws.  (FAC ¶¶ 54-58.)  According to Union Pacific, to assert a
7  discrimination claim under Oregon state law, the individual must
8  assert a claim within one year of the discriminatory act.[4]
9  Additionally, Union Pacific claims that, "when an individual has
10  filed a discrimination complaint with BOLI, and has received
11  notice of right to sue, the individual has <u>ninety days</u> from
12  receipt of the notice to file a civil action."  (Mem. Supp. Mot.
13  Dismiss (doc. #19) at 12.)

14      *Morgan v. Interfor Pac., Inc.*, No. CV-08-3105-CL, 2009 WL
15  723341 (D. Or. Mar. 13, 2009), is instructive on this matter.  In
16  *Morgan*, the plaintiff had received a notice of right to sue from
17  the EEOC and BOLI.  *Id.* at *3.  The plaintiff received the BOLI
18  letter on June 6, 2008.  "The 90 day period began on June 7, 2008,
19  and accordingly ran until September 4, 2008, *at which point he*
20  *lost his right to file a civil suit on state law grounds*."  *Id.*
21  (emphasis added.)  Specifically, the plaintiff lost his right to
22  file his claim for unlawful employment practices.  *Id.*

23      Similarly, in this case, as in *Morgan*, Boon lost her right to
24  file a claim for unlawful employment practices.  The record
25  indicates that Boon received her last notice of right to sue from

26
27      [4] Boon was terminated on June 20, 2008, and the statute of
   limitations would have expired June 20, 2009.  This action was
28  filed on September 2, 2010.

BOLI on August 18, 2009.  The 90 day period thus began on August 19, 2009, and accordingly ran until November 17, 2009.  Boon filed this suit on September 2, 2010, long after losing her right to file a civil suit on state law grounds.  Accordingly, Boon's state law gender-based discrimination claim is time barred and should be dismissed.

### 5.   Boon's Breach of Contract/Breach of Implied Contract Claim

Union Pacific next argues that, "Boon alleges that defendants breached an employment contract and the implied covenant of good faith and fair dealing contained within a contract." (Mem. Supp. Mot. Dismiss (doc. #19) at 11.)  However, according to Union Pacific, Boon's complaint does not allege or suggest that Boon had an employment contract with them.  (*Id.*)  Union Pacific thus claims that, even if Boon had an employment contract, the implied covenant of good faith and fair dealing is a common law claim which must be commenced within two years.  (*Id.*)  Union Pacific relies on *Caplener v. U.S. Nat. Bank of Or.*, 317 Or. 506, 522 (1993), for the proposition that, "the implied covenant of good faith and fair dealing is a common law claim, and the claim must be commenced within two years." (*Id.*)

Here, the court disagrees with Union Pacific's characterization of Boon's FAC.  Union Pacific is correct that, to state a claim for breach of contract, a plaintiff must allege the existence of a contract. *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570 (1996).  However, the FAC is not entirely devoid of allegations regarding the existence of a contract.  In fact, Boon unequivocally states that,

FINDINGS AND RECOMMENDATION     16

"Defendants . . . are in material breach of the terms of [Boon]'s contract of employment . . . and of the implied covenant of good faith and fair dealing." (FAC ¶ 40.) The statute of limitations for contract claims, whether express or implied, is six years. *Angelini v. Delaney*, 156 Or. App. 293 (1998) (citing ORS 12.080(1)). Thus, Boon's contract claims are timely since they have been filed within the six-year statute of limitations.

### 6. Boon's Defamation Claim

Next, Union Pacific argues that Boon's defamation claim is untimely because it has not be filed within the one year statute of limitations. (Mem. Supp. Mot. Dismiss (doc. #19) at 11.) According to Union Pacific, on the face of the FAC, Boon's defamation claim relates to Boon's allegations surrounding her termination on June 20, 2008. (*Id.*)

"To establish a claim for defamation, a plaintiff must show, first, that the defendant made a defamatory statement about the plaintiff to a third person." *Wallulis v. Dymowski*, 323 Or. 337, 342-43 (1996). Second, the defamatory statement must be published or communicated, which is an essential element of an action for defamation. *Id.* at 343. "A defamatory statement is a false statement that would subject the plaintiff 'to hatred, contempt or ridicule . . [or] tend to diminish the esteem, respect, goodwill or confidence in which [the plaintiff] is held or to excite adverse, derogatory or unpleasant feelings or opinions against [the plaintiff]." *Turba v. Cooke*, 233 Or. App. 339, 347-48 (2010) (quoting *Farnsworth v. Hyde*, 266 Or. 236, 238 (1973)). It is the court's prerogative to determine whether a communication is

capable of defamatory meaning. *Reesman v. Highfill*, 327 Or. 597, 604 (1998).

In Oregon, defamation claims are governed by a one-year statute of limitations. *Bachmeier v. Tuttle*, 195 Or. App. 83, 87 n.2 (2004) (citing ORS 12.120). The difficulty I have in determining whether Boon's defamation claim is time barred is that Boon claims Union Pacific and/or their employees "continue" to defame and slander her, without pinpointing when the "publications" post termination took place. (FAC ¶ 20) Thus, construing Boon's *pro se* complaint liberally, I cannot recommend granting Union Pacific's motion on this ground.

### 7.   Boon's Punitive and Exemplary Damages Claim

Finally, Boon's eighth claim for relief is for punitive and exemplary damages. (FAC ¶¶ 63-65.) According to Union Pacific, "Boon is not entitled to any of these requested damages because these damages could only possibly arise should Boon prevail on any of the above claims." (Mem. Supp. Mot. Dismiss (doc. #19) at 13.) And, since "Boon's Amended Complaint should be dismissed, so [should] any related damage claims[.]" (*Id.*)

Here, I have recommended that the following claims be dismissed: Boon's federal discrimination and retaliation claims, Boon's IIED claim, Boon's wrongful termination claim, and Boon's state law discrimination claim. An element of all of Boon's claims is damages. If the claim gets dismissed its damages element goes with it, no separate motion is necessary. Thus, since I recommend Boon's contract claims and defamation claim against Union Pacific survive the motion to dismiss, the damages element survives as well.

However, to recover punitive damages, a plaintiff must prove "that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety, and welfare of others." *Perry v. Rein*, 215 Or. App. 112 (2007) (quoting ORS 31.730)). Contract claims in Oregon will not support a claim for punitive damages. *See Eddings v. Pub. Storage*, 2008 WL 4838843, at *2 (D. Or. Nov. 5, 2008) (noting the Oregon Supreme Court had previously reversed a lower's court award of punitive damages for a breach of contract claim). Accordingly, any claim to punitive damages, arising out of Boon's contract claims, should be dismissed. The defamation claim can support a punitive damages recovery so the allegation of punitive damages can survive only as to that claim.

## B. United

United claims that Boon has failed to state a claim upon which relief can be granted.[5] (Def. United's Mem. Supp. (doc. #17-1) at 6.) Boon's FAC does not specifically set forth which of her claims are directed to United. The majority of Boon's FAC is devoted to allegations against Union Pacific, however, Boon does include two specific references to United. First, Boon claims

---

[5] United also contends that this court has no jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a)("LMRA"). (Def. United's Mem. Supp. (doc. #17-1) at 4.) Boon's FAC states that this action is brought pursuant to Title VII and the LMRA. (FAC ¶ 5.) The FAC does not state that this court has jurisdiction based solely on the LMRA, however. Rather, Boon claims that this court has original jurisdiction since this is a civil rights action arising under the Constitution or laws of the United States. (*Id.*)

1    that United condoned Union Pacific's discrimination of her because
2    the union stewards were "in a position to, and in fact, were
3    required by their respective contractual obligations towards
4    Plaintiff, to investigate and report . . . Union Pacific's conduct
5    as a union-filed grievance[.]" (FAC ¶ 14.)  Second, Boon claims
6    that United "failed and refused to properly investigate, or to
7    take any action upon, Plaintiff's allegation of gender-based
8    discrimination and retaliatory conduct." (FAC ¶ 24.)

9                    **1.   Title VII Discrimination and Retaliation**

10        Boon has set forth claims for gender-based discrimination and
11   retaliation under Title VII of the Civil Rights Act. "To
12   establish federal subject matter jurisdiction, a plaintiff is
13   required to exhaust his or her administrative remedies before
14   seeking adjudication of a Title VII claim." *Lyons v. England*, 307
15   F.3d 1092, 1103 (9th Cir. 2002).  Exhaustion requires that the
16   complainant file a timely charge with the EEOC. *Id.* at 1104.
17   Here, there is no allegation Boon has exhausted her administrative
18   remedies against United.  Even assuming, her EEOC charge against
19   Union Pacific encompassed United, Boon did not file this action in
20   a timely manner and lost her right to her right to file a civil
21   suit on federal grounds.  Accordingly, Boon is unable to allege a
22   valid federal discrimination or retaliation claim against United
23   and these claims should be dismissed.

24                       **2.   State Law Discrimination**

25        "[A] civil action . . alleging unlawful employment practice
26   must be commenced within one year after the occurrence of the
27   unlawful employment practice." ORS 659A.875(1).  This action was
28   filed on September 2, 2010.  Boon was terminated on June 20, 2008,

FINDINGS AND RECOMMENDATION    20

which was over two years prior to the filing of this suit. Any state law discrimination claim against United would therefore be untimely and should be dismissed. *See Leininger v. Pitts*, No. CV-07-1262-AS, 2008 WL 200022, at *2 (D. Or. Jan. 22, 2008) (noting that a *pro se* plaintiff's state law discrimination claim was untimely under ORS 659A.875(1) when faced with similar circumstances).

### 3. Defamation

It appears Boon only seeks to assert her defamation claim against Union Pacific. (FAC ¶¶ 43-53.) Boon has not asserted any allegations for defamation against United. Thus, if Boon intended any claim for defamation against United it should be dismissed for failure to state a claim.

### 4. Wrongful Termination

Similarly, Boon's claim for wrongful termination appears to be asserted only against Union Pacific. (FAC ¶¶ 32-36.) However, if Boon is attempting to assert a wrongful termination claim against United, such a claim fails because it is untimely. Moreover, Boon has not alleged that she was ever employed or discharged by United, which is a prerequisite to a wrongful termination claim. *See Robinson v. U.S. Bancorp*, No. CV-99-1723-ST, 2000 WL 435468, at*5 (D. Or. Mar. 17, 2000) (noting that, in order to a have a viable wrongful termination claim, "[t]here must be a discharge, and that discharge must be wrongful.") Accordingly, if Boon intends to allege a wrongful termination claim against United, it should be dismissed with prejudice.

///

///

FINDINGS AND RECOMMENDATION    21

### 5. Boon's Breach of Contract and IIED Claims Are Subsumed by the Duty of Fair Representation

United claims that Boon's breach of contract and IIED claims are subsumed by the duty of fair representation ("DFR"). (Def. United's Mem. Supp. (doc. #17-1) at 9.)  I agree.

*Adkins v. Mireles*, 526 F.3d 531, 536 (9th Cir. 2008), instructive on this matter.  In *Adkins*, the appellants had brought claims several claims against their labor union, including breach of the duty of fair representation, breach of contract, breach of the covenant of good faith and fair dealing, and IIED.  *Id.* at 536.  The Ninth Circuit held that, "*the district court did not err in holding that federal law preempts Appellants' breach of contract, breach of covenant of good faith and fair dealing, . . . and [IIED] claims because each implicates the duty of fair representation.*"  *Id.* (emphasis added).  "[T]he duty of fair representation occupies the field of regulation of union-member relations when a union carries out its representational functions."  *Id.* at 541-42.  "[T]he statutory duty of fair representation displaces state law that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative."  *Id.* at 540.

Boon has made no showing of additional duties beyond the normal incidents of the union-employee relationship.  *See id*. Boon claims that United failed to represent her fairly by failing to exercise their discretion with complete good faith and honesty, which is in effect a claim for breach of duty of fair representation.  *Id.*  In this case, as in *Adkins*, Boon's claims for breach of contract, breach of the covenant of good faith and

1  fair dealing, and IIED[6] are effectively a claim breach of the duty

2  of fair representation. The court must therefore evaluate the

3  timeliness of such a claim.

4      In a duty of fair representation case, there is a six-month

5  limitations period which begins to run when the employee knows or

6  should have known of the alleged breach of the duty of fair

7  representation by his union. *Galindo v. Stoody Co.*, 793 F.2d

8  1502, 1509 (9th Cir.1986); *see also Stone v. Writer's Guild of Am.*

9  *West, Inc.*, 101 F.3d 1312 (9th Cir. 1996) (noting that a "claim

10 for breach of the duty of representation is governed by the six

11 month federal statute of limitations.") The Ninth Circuit made

12 the pertinent observation that, "[i]n determining when the six-

13 month period accrues, *the simplest case is one where a union*

14 *decides not to file a grievance; the cause of action generally*

15 *accrues when the employee learns or should have learned of the*

16 *union's decision.*" *Galindo*, 793 F.2d at 1509 (emphasis added).

17     Boon's FAC claims that BLET and United condoned Union

18 Pacific's allegedly "improper and illegal activities" by failing

19 "to investigate and report Defendant Union Pacific's improper

20 conduct as a union-filed grievance[.]" (FAC ¶ 14.) The FAC seems

21 to imply that this is a case where the union decided not to file

22 a grievance; however, the record demonstrates that a grievance was

23 filed on Boon's behalf. (Def. United's Mem. Supp. (doc. #17) at

24 2; Compl. (doc. #1) ¶¶ 5, 7.) Based on this information, the

25

26     [6] Boon's IIED claim implicates the duty of fair representation

27 because, as in *Adkins*, it is inseparable from United's performance

28 of their role as a collective bargaining representative. *Id.* at
   541.

FINDINGS AND RECOMMENDATION     23

1  court construes this situation as one seeking "to overturn an
2  unfavorable arbitration award on the ground that the union
3  committed errors in the arbitration proceeding, [in which case]
4  the claim accrues when the employee learns of the arbitrator's
5  award." *Galindo*, 793 F.2d at 1509. Boon's original complaint
6  indicates that she was aware of an unfavorable appeal of her
7  grievance on September 2, 2008, or exactly two years prior to the
8  filing of this case. (Compl ¶ 7.) Even if court calculates the
9  accrual period using this favorable date, Boon's duty of fair
10 representation claim is untimely. Accordingly, Boon's duty of
11 fair representation claim should be dismissed with prejudice.

## Conclusion

13 Service of the first amended complaint against all defendants
14 should be quashed. Alternatively, all claims against United and
15 BLET should be dismissed with prejudice.

16 With respect to Union Pacific, if plaintiff properly serves
17 Union Pacific or they accept service, the federal and state claims
18 for employment discrimination, the claim for IIED, and the claim
19 for wrongful termination should be dismissed with prejudice. With
20 proper service, the breach of contract claims and defamation
21 claim, insofar as it alleges publications at some unknown date
22 after plaintiff's termination, should survive the motion to
23 dismiss with respect to Union Pacific.

## Scheduling Order

25 The Findings and Recommendation will be referred to a
26 district judge. Objections, if any, are due October 18, 2011. If
27 no objections are filed, then the Findings and Recommendation will
28 go under advisement on that date. If objections are filed, then

FINDINGS AND RECOMMENDATION     24

a response is due November 4, 2011.  When the response is due or
filed, whichever date is earlier, the Findings and Recommendation
will go under advisement.

Dated this _30th___ day of September, 2011.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION     25