## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

**JERRI BOON**,

                        Plaintiff,

        v.

**UNION PACIFIC RAILROAD
COMPANY**, a Nebraska corporation;
**BROTHERHOOD OF LOCOMOTIVE
ENGINEERS AND TRAINMEN**, a division
of the International Brotherhood of Teamsters;
and **UNITED TRANSPORTATION
UNION**,

                        Defendants.

Case No.: 3:10-cv-01044-HU


**OPINION AND ORDER**


Jerri Boon
12505 SW N. Dekota St. #1807
Portland, OR 97223

        Plaintiff *Pro Se*

David W. Silke
Sarah N. Turner
GORDON & REES LLP
701 Fifth Ave., Ste. 2100
Seattle, WA  98104

        Of Attorneys for Defendant Union Pacific Railroad Company

Elizabeth A. Joffe
MCKANNA BISHOP JOFFE & ARMS, LLP
1635 NW Johnson Street
Portland, OR  97209

Kevin C. Brodar
UNITED TRANSPORTATION UNION
24950 Country Club Blvd., Ste. 340
North Olmsted, OH  44070

      Of Attorneys for Defendant United Transportation Union

John S. Bishop, II
MCKANNA BISHOP JOFFE & ARMS, LLP
1635 NW Johnson Street
Portland, OR 97209

      Of Attorneys for Brotherhood of Locomotive Engineers and Trainmen

**SIMON, District Judge.**

On September 30, 2011, Magistrate Judge Dennis J. Hubel issued findings and recommendations ("F&R"), Dkt. 44, in the above captioned case and referred them to this court. Dkt. 45. Judge Hubel recommended that this court quash the service of Plaintiff's first amended complaint, Dkt. 6, on all Defendants. Judge Hubel also recommended that this court dismiss Plaintiff's claims against Defendants United Transportation Union ("United") and Brotherhood of Locomotive Engineers and Trainmen ("BLET") with prejudice. With respect to Defendant Union Pacific Railroad Company ("Union Pacific"), if Plaintiff perfects service or if Union Pacific accepts service, Judge Hubel recommended that the court dismiss with prejudice Plaintiff's claims for federal and state employment discrimination, intentional infliction of emotion distress, and wrongful termination. Judge Hubel also recommended that the court should not dismiss Plaintiff's breach of contract claim and defamation claim against Union Pacific,

insofar as it alleges publication at some unknown date after Plaintiff's termination. Plaintiff filed objections to Judge Hubel's F&R.[1] Dkt. 50, 66-68. Defendants filed responses. Dkt. 51, 55-56.

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

## STANDARDS

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized*

---

[1] Plaintiff captioned Dkt. 66 "Motion in Opposition to Motion to Dismiss [and] Motion For Summary Judgment." Dkt. 68 is captioned "Response to Defendants objections to my objections to F&R." The court construes these documents as objections to the F&R.

*Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). After a defendant has challenged the

sufficiency of process under Rule 12(b)(5), "plaintiffs bear the burden of establishing that service

was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). *Pro se* litigants

are "not excused from knowing the most basic pleading requirements." *American Ass'n of*

*Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir.2000). When service of

process is insufficient, the court has discretion either to dismiss the action without prejudice or to

quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F .3d 1288, 1293 (9th Cir. 2006).

## DISCUSSION

### A.    Service of Complaint

#### 1.  Union Pacific

According to Judge Hubel, Plaintiff's process server, Michel Wagner, served Plaintiff's

complaint on a Union Pacific employee at a rail yard:

> Wagner apparently went into a break room where six men were sitting around a table and
> asked who was in charge. Mark Allen ("Allen") stood up and said something to the effect
> of, "I am in charge when no else is in the office." [Wagner] then handed the Summons
> and FAC to Allen, but Allen never forwarded the Summons and FAC to anyone
> authorized to accept service on behalf of Union Pacific. F&R at 7 (internal citations
> omitted).

The Proof of Service, Dkt. 8, states that Mr. Wagner served Mark Allen on December 31, 2010.

Judge Hubel found that Plaintiff failed to establish that she properly served Union Pacific.

*Id.* at 8.

Plaintiff objects. She argues that service on Union Pacific was proper because the "FRCP

allows private corp[orations] to be served at the place of business during operating hours." Pl.'s

Obj. at 2. The court disagrees. Rule 4(h)(1) provides that a corporation must be served either:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Under Oregon law, service on a corporation may be made by "personal service or office service upon a registered agent, officer, or director of the corporation; or by personal service upon any clerk on duty in the office of a registered agent[.]" Or. R. Civ. P. 7 D(3)(b)(i).[2] "Office service" is made by "leaving true copies of the summons and the complaint at such office [of the registered agent, officer, or director of the corporation] during normal working hours with the person who is apparently in charge." Or. R. Civ. P. 7 D(2)(c). Thus, to properly serve Union Pacific under Rule 4(h), Plaintiff must serve an officer, director, or managing, general, or registered agent of Union Pacific, or leave true copies at the office of a registered agent, officer, or director.

Plaintiff alleges that Union Pacific employee "Mark Allen stood and stated he was in charge and accepted service." Pl.'s Obj. at 2. Even if that Mark Allen was "in charge" of the men present at the rail yard, however, that does not establish that he was an officer, director, or registered agent of Union Pacific. Moreover, Plaintiff has offered no evidence that the rail yard is the office of a registered agent, officer, or director of Union Pacific. Thus, the court agrees with Judge Hubel that Plaintiff did not properly serve Union Pacific.

/ / /

/ / /

---

[2] Or. R. Civ. P. 7 D(3)(b)(ii) provides for several forms of alternative service for corporations. Because Union Pacific maintained a registered agent in Oregon, F&R at 7, these alternatives are not relevant here.

### 2. United

Plaintiff contends that United was properly served because "Mr. Wagner [served] a woman he observed to be around 30 years of age at a [United] officer's house." Rule 4(h)(1) also applies to unions. Thus, to properly serve United, Plaintiff was required to serve United either as provided by Oregon law or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Rule 4(h)(1)(B). Under Oregon law, service on an unincorporated association, such as a union, may be made by "personal service upon an officer, managing agent, or agent authorized by appointment or law to receive service of summons[.]" Or. R. Civ. P. 7 D(3)(f).

Judge Hubel found that service was not made on an officer or agent of United. F&R at 8. Instead, Plaintiff served the 15 year-old daughter of an officer of United Transportation Union Local 283. *Id.* Judge Hubel found that locals "are separate bodies [that] elect their own officers and conduct their own business." *Id.* Plaintiff does not dispute this finding. The court agrees with Judge Hubel that Plaintiff failed to properly serve United.

### 3. BLET

Plaintiff argues that "attorney Paul [Bovarnick] is listed as an attorney representing . . . BLET and is listed to accept such service." Pl.'s Obj. at 2. Judge Hubel found, however, that Mr. Bovarnick is merely a "private attorney on a list of counsel whom BLET recommends to its members who suffer personal injuries in the workplace." F&R at 8. Plaintiff has failed to adduce any evidence that Mr. Bovarnick was authorized to accept service on behalf of BLET. The court, therefore, agrees with Judge Hubel that Plaintiff has not properly served BLET.

/ / /

**B.    Motions to Dismiss**

Judge Hubel recommended that the court dismiss several of Plaintiff's claims against Union Pacific and all of Plaintiff's claims against United with prejudice. Although Plaintiff alleges that Union Pacific and United engaged in discriminatory conduct, Plaintiff's objections do not address Judge Hubel's reasons for recommending the court dismiss these claims.[3] The court has reviewed Judge Hubel's recommendations for clear error and finds no error.

Finally, Judge Hubel recommended denying Union Pacific's Motion to Dismiss, Dkt. 18, with respect to Plaintiff's contract and defamation claims. Union Pacific has not filed objections. The court has reviewed Judge Hubel's recommendation for clear error and finds no error.[4]

## CONCLUSION

Defendant BLET's Motion to Dismiss for Insufficient Service of Process, Dkt. 10, is GRANTED. Plaintiff's complaint against BLET is dismissed without prejudice.

Defendant United's Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(5) and (6) for insufficient service of process and failure to state a claim upon which relief can be granted, Dkt. 17, is GRANTED. Plaintiff's complaint against United is dismissed with prejudice.

Defendant Union Pacific's Motion to Dismiss Plaintiff's Amended Complaint for Insufficient Service Pursuant to FRCP 12(b)(5), and Failure to State a Claim Pursuant to FRCP 12(b)(6), Dkt. 18, is GRANTED in part and DENIED in part. Service of process on Union Pacific is quashed. Within 90 days from the date of this order, Plaintiff shall either perfect

---

[3]  Plaintiff contends that her "complaint was not derived from a dismissed EEOC or B[OLI] complaint[.]" Dkt. 68. Her first claim for relief, however, is clearly based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and her sixth claim for relief is clearly based on Or. Rev. Stat. Chapter 659A. *See* Pl's First Am. Compl., Dkt. 6.

[4]  Judge Hubel recommended that the court permit Plaintiff's claim for punitive damages with respect to defamation to survive. F&R at 19. Oregon law, however, does not permit an award for punitive damages on the tort of defamation. *Wheeler v. Green*, 286 Or. 99, 119 (1979).

service on Union Pacific or file Union Pacific's acceptance of service. Plaintiff's federal and state claims for employment discrimination and claims for intentional infliction of emotion distress, wrongful termination, and punitive damages against Union Pacific are dismissed with prejudice. Plaintiff's breach of contract and defamation claims, insofar as it alleges publication at some unknown date after plaintiff's termination, survive.

IT IS SO ORDERED

Dated this 5th day of March, 2012.


/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge