UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JERRI BOON, | No. 3:10-cv-01044-HU |
|     Plaintiff, | FINDINGS AND RECOMMENDATION |
|   v. | |
| UNION PACIFIC RAILROAD COMPANY, a Nebraska corporation; BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, a division of the International Brotherhood of Teamsters; and UNITED TRANSPORTATION UNION, | |
|     Defendants. | |

Jerri Boon
12435 SW Pioneer Ln. #A101
Beaverton, OR 97008
Telephone: (503) 406-7819

    Plaintiff Pro Se

David W. Silke
Sarah N. Turner
Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

    Of Attorneys for Defendant
    Union Pacific Railroad Company

Page 1 - FINDINGS AND RECOMMENDATION

**HUBEL, J.,**

Before the Court is Defendant Union Pacific Railroad Company's ("Union Pacific") motion to dismiss for lack of subject matter jurisdiction, or alternatively, for failure to state a claim. The Court has considered the moving and responding papers and concludes that the motion is appropriate for disposition without oral argument pursuant to Local Rule 7-1(d)(1). For the reasons set forth below, Union Pacific's motion (Docket No. 79) to dismiss should be GRANTED.

### *I.   PROCEDURAL BACKGROUND*

Plaintiff Jerri Boon's Amended Complaint, filed on December 30 2010, set forth causes of action for Title VII gender discrimination, intentional infliction of emotional distress, wrongful termination, beach of contract/breach of the implied covenant of good faith and fair dealing, defamation, state law gender discrimination, and retaliation under federal law.

Judge Michael Simon entered an Opinion and Order on March 5, 2012, which (1) granted Defendant Brotherhood of Locomotive Engineers and Trainmen's ("BLET") motion to dismiss for insufficient service of process and dismissed Boon's Amended Complaint against BLET without prejudice; (2) granted Defendant United Transportation Union's ("United") motion to dismiss for insufficient service of process and failure to state a claim and dismissed Boon's Amended Complaint against United with prejudice; and (3) granted in part and denied in part Union Pacific's motion to dismiss for insufficient service of process and failure to state a claim.

Page 2 - FINDINGS AND RECOMMENDATION

More specifically, with respect to Union Pacific, Judge Simon quashed service of process and required Boon to either perfect service on Union Pacific within 90 days or file Union Pacific's acceptance of service. Judge Simon also dismissed Boon's claims for federal discrimination and retaliation, IIED, wrongful termination, state law gender-based discrimination, and punitive damages with prejudice. Thus, only Boon's claims for breach of contract and defamation (insofar as she alleged publication at some unknown date after her termination) survived.

On April 5, 2012, Boon served Union Pacific a copy of the Amended Complaint through its registered agent. Union Pacific's motion to dismiss followed on April 26, 2012.

## II.   LEGAL STANDARD

### A.   Subject Matter Jurisdiction

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (courts treat motions attacking the substance of a complaint's jurisdictional allegations as a Rule 12(b)(1) motion). "[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's

Page 3 - FINDINGS AND RECOMMENDATION

jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

### ***B.  Failure to State a Claim***

A court may dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  In considering a Rule 12(b)(6) motion to dismiss, the court must accept all of the claimant's well pleaded material factual allegations as true and view all facts in the light most favorable to the claimant. *Reynolds v. Giusto*, No. 08-CV-6261, 2009 WL 2523727, at *1 (D. Or. Aug. 18, 2009).  The Supreme Court addressed the proper pleading standard under Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *Twombly* established the need to include facts sufficient in the pleadings to give proper notice of the claim and its basis:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id*. at 555 (brackets omitted).

Since *Twombly*, the Supreme Court has clarified that the pleading standard announced therein is generally applicable to all cases governed by the Rules, not only to those cases involving antitrust allegations. *Ashcroft v. Iqbal*,---U.S.---, 129 S. Ct. 1937, 1949 (2009).  The *Iqbal* court explained that *Twombly* was guided by two specific principles.  First, although the court must

Page 4 - FINDINGS AND RECOMMENDATION

accept as true all facts asserted in a pleading, it need not accept as true any legal conclusion set forth in a pleading. *Id*. Second, the complaint must set forth facts supporting a plausible claim for relief and not merely a possible claim for relief. *Id*. The court instructed that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-50 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). The court concluded: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

The Ninth Circuit further explained the *Twombly-Iqbal* standard in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). The *Moss* court reaffirmed the *Iqbal* holding that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S. Ct. at 1949). The court in *Moss* concluded by stating: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

*///*

*///*

Page 5 - FINDINGS AND RECOMMENDATION

### *III.   PRELIMINARY PROCEDURAL MATTERS*

The Court must address a few procedural matters before proceeding to the merits of Union Pacific's motion to dismiss. First, in its moving papers, Union Pacific requested that this Court enter an order with respect to Boon's recently served Amended Complaint, confirming that Boon's claims for federal discrimination and retaliation, IIED, wrongful termination, state law gender-based discrimination, and punitive damages had been previously dismissed with prejudice. The Court will simply reiterate that Judge Simon's March 5, 2012 Opinion and Order makes it perfectly clear that these claims have been dismissed with prejudice.

Second, in support of its Rule 12(b)(6) motion, Union Pacific has asked the Court to consider a collective bargaining agreement ("CBA") entered into by Union Pacific and BLET. "As a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion." *O'Connell-Babcock v. Multnomah County, Oregon,* No. 08-cv-459-AC, 2009 WL 1139441, at *4 (D. Or. Apr. 24, 2009). It is permissible, however, for a district court to "consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrin v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006). In this case, Boon alleges that Union Pacific breached her "contract of employment, or the contract of union representations[.]" (Am. Compl. ¶ 40.) Because Boon did not contest the authenticity of the CBA in her opposition, and Boon's

Page 6 - FINDINGS AND RECOMMENDATION

complaint appears to rely on a such an agreement, the Court will consider the CBA in ruling on Union Pacific's motion to dismiss.

### *IV. DISCUSSION*

Union Pacific argues that the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-63, 181-88, preempts Boon's claims for breach of contract and defamation.

Congress passed the RLA in order "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). To that end, the RLA "established a mandatory arbitral mechanism for prompt and orderly settlement of two classes of disputes." *Ware v. Burlington Northern Santa Fe Ry.*, No. S-05-2110, 2006 WL 3741897, at *2 (E.D. Cal. Dec. 18, 2006) (quotation marks omitted). The first class, so-called "major" disputes, "involve disputes over the formation of collective bargaining agreements or efforts to secure them." *Espinal v. Northwest Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996) (citation and quotation marks omitted). The second class, known as "minor" disputes, "involve controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." *Id.*

Before the Supreme Court's decision in *Norris*, the Ninth Circuit "considered the scope of minor disputes under the RLA to be quite expansive." *Id.* However, *Norris* "substantially narrowed the scope of RLA preemption, and implicitly overruled more expansive definitions." *Id.* Under *Norris* and its progeny, "[w]here a plaintiff contends that an employer's actions violated rights

Page 7 - FINDINGS AND RECOMMENDATION

protected by the CBA, there is minor dispute subject to RLA preemption." *Id.* "By contrast, where a plaintiff contends that an employer's actions violated a state-law obligation, wholly independent of its obligations under the CBA, there is no preemption." *Id.*

Applying this rationale, the Supreme Court and Ninth Circuit have found a variety of causes of action to be preempted under the RLA, such as state law claims for wrongful termination, breach of good faith and fair dealing, intentional and negligent infliction of emotional distress, defamation, fraud, and legal malpractice. *Ware*, 2006 WL 3741897, at *3 (collecting cases). The same is true in other circuits as well. For example, in *Garland v. US Airways, Inc.*, 2007 WL 921980 (W.D. Pa. Mar. 14, 2007), the pro se plaintiff's amended complaint set forth causes of action for intentional and negligent infliction of emotional distress, libel/slander, negligent supervision, unjust enrichment, tortious interference with prospective economic advantage, breach of contract, and legal malpractice. *Garland* granted the defendant's motion to dismiss the aforementioned claims because they were preempted by the RLA, stating: "In similar cases, courts have held that such claims constitute minor disputes that are governed by collective bargaining agreements and are preempted by the RLA. . . . Accordingly, Plaintiff's state law claims are barred and must be dismissed." *Id.* at *10 (internal citations and quotation marks omitted).

In this case, Boon alleges that Union Pacific breached her "contract of employment, or the contract of union

Page 8 - FINDINGS AND RECOMMENDATION

representations[.]"**¹** (Am. Compl. ¶ 40.) She also alleges that Union Pacific failed in its "contractual obligations towards [Boon], to investigate and report [its] improper conduct as a union-filed grievance[.]" (Am. Compl. ¶ 14.) Boon's claim for defamation, on the other hand, is based on Boon being "falsely accused of violating Union Pacific company policy, by sleeping on the job[.]"**²** (Am. Compl. ¶ 15.) As a result, Boon has been subjected to "false and slanderous accusations of dereliction of duty [and] unwarranted disciplinary actions," despite the fact that she was permitted to "nap" during down times at work. (Am. Comp. ¶¶ 13, 15.) Because Boon's Amended Complaint "involves a matrix of fact inextricably intertwined with the rights conferred by the collective bargaining agreement," *Ware*, 2006 WL 3741897, at *3, her claims for breach of contract and defamation are preempted by the RLA. Accordingly, Union Pacific's motion to dismiss should be granted on this ground.

### *V.  CONCLUSION*

For the foregoing reasons, Union Pacific's motion (Docket No. 79) to dismiss should be GRANTED. Boon's claims for breach of contract and defamation should be dismissed with prejudice.

### *VI.  SCHEDULING ORDER*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **February 11, 2013**. If no

---

**¹** Based on the record before me, it appears that the only contract at issue here is the CBA.

**²** This interpretation is confirmed by paragraph 20 and 44 of Boon's Amended Complaint.

Page 9 - FINDINGS AND RECOMMENDATION

objections are filed, then the Findings and Recommendation will go under advisement on that date.  If objections are filed, then a response is due **February 28, 2013**.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

    Dated this 23rd day of January, 2013.

                                         /s/ Dennis J. Hubel

                                 _____
                                     DENNIS J. HUBEL
                          United States Magistrate Judge